## HAYNES *vs.* PERRY, SHERIFF.

RULE, FROM LAURENS. Attorney and Client. Liens. Sheriff. Execution. Levy and Sale. (Before Judge Kibbee.)

Blandford, J.—Parties to an execution cannot, by a settlement between themselves, defeat the attorney of any lien or claim under contract with his client, of which the opposite party had notice prior to the consummation of such settlement; but where an attorney who had placed a fi. fa. in the hands of the sheriff brought a rule against him, and the sheriff answered that the defendants had settled the fi. fa. with the plaintiff, and had presented an order from the plaintiff requesting the sheriff to turn over the fi. fa. to them, retaining $5.91 attorney's fees, if such answer was not traversed, it must be taken as true; and if the plaintiff and defendant had settled the fi. fa., it was *functus officio,* and the sheriff had no right to levy it. If the attorney had a lien on the fi fa. for his fees due in that case, or on some other account of which the defendants in execution had notice, he should have traversed the sheriff's answer; and failing to do so, there was no error in charging the rule. Code, 1863, §1990.

Judgment affirmed.

John M. Stubbs; Rollin A. Stanley, for plaintiff in error.

No appearance for defendant.

---

## COLLINS *et. al. vs.* WILCOX *et. al.,* ADMINISTRATORS.

COMPLAINT, FROM PULASKI. New trial. (Before Judge Pate.)

Blandford, J.—This court will not interfere with the discretion of the court below in granting a first new trial, unless the evidence compels the verdict. The evidence being somewhat conflicting, the grant of the new trial will not be reversed.

Judgment affirmed.

J. H. Martin, for plaintiffs in error.

Hodge & Hodge, by J. II. Lumpkin, for defendants.